UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALTER WATSON,

    Petitioner,

v.

R. DAVIS, Warden,

    Respondent.

Case No. 16-cv-04485-DMR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming that his constitutional rights were violated in connection with a May 27, 2015 decision by the California Board of Parole Hearings ("Board") denying him parole. He paid the full filing fee.

This action has been assigned to the undersigned magistrate judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment.[1] Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On June 17, 2015, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 6.

---

[1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings and judgments in a civil case. *See* 28 U.S.C. § 636(c)(1). However, in cases such as this one, where the petitioner has consented but the respondent has not been served, "all parties have consented pursuant to 28 U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.'" *Gaddy v. McDonald*, No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1)) (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media, LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *cf. Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not yet been served and therefore were not parties).

On November 9, 2016, the court dismissed the petition with leave to amend, noting several deficiencies within the petition that prevented this action from proceeding. Dkt. 9.

On December 8, 2016, Petitioner filed an amended petition, as directed. Dkt. 10.

For the reasons outlined below, the court DISMISSES the instant amended petition.

## II. DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Review of Petitioner's Claims

Upon review of Petitioner's original petition, the court noted that Petitioner appeared to challenge a decision by the Board, but it could not determine the exact parameters of his claims, stating as follows:

> Petitioner appears to challenge the May 27, 2015 decision by the Board, but the only ground raised involves the denial of his alleged right to counsel at his parole suitability hearing. Dkt. 1 at 5-8.[2] The court notes that in state court, Petitioner had also raised the following claims: (1) the May 27, 2015 decision does not comport with due process because it is not supported by some evidence demonstrating that he poses an unreasonable risk to public safety; and (2) the Board neglected to properly weigh suitability factors. *Id.* at 5. However, Petitioner does not seem to raise the aforementioned claims in the instant federal petition. Instead, he has included numerous attachments, including the state court opinions, Board recommendations, the transcript of the Board's May 27, 2015 hearing and decision, his psychological evaluation, and attorney correspondence. *Id.* at 12-166. At this time, the court cannot determine what the exact parameters of his claims are.

Dkt. 9 at 2. Thus, the court dismissed the petition with leave to amend. The court informed

---

[2] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Petitioner.

2

Petitioner that, in his amended petition, he must "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." *Id.* at 3. The court further instructed that, "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted." *Id.* (citing *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005)). The court explained that: "Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause." *Id.* (citing *Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970)). The court also advised Petitioner that due process challenges to the denial of his parole were limited to a determination of whether he was given an opportunity to be heard and given a statement of reasons for the denial. *Id.* (citing *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011)). Finally, the court noted that Petitioner seemed to allege that the Board denied his right to counsel at his parole eligibility hearing. *Id.* at 3. The court pointed out that it seemed Petitioner was raising an "alleged violation of *state law*, and such violations are not grounds for federal habeas relief." *Id.* at 4 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) (emphasis in original). The court also noted that there was no evidence in the record contradicting the state superior court's findings that nothing on the record supported Petitioner's claim that his waiver of counsel was involuntary. *Id.* (citing Dkt. 1 at 37-38). The court further informed Petitioner that there is no clearly established right to counsel at parole suitability hearings. *Id.* at 4 (citing *Dorado v. Kerr*, 454 F.2d 892, 896 (9th Cir. 1972)). Therefore, the court concluded that "any claim Petitioner raises—relating to an alleged denial of his right to counsel at his parole eligibility hearing—is without merit." *Id.* at 4.

In Petitioner's sole claim in his amended petition, he again alleges that his waiver of counsel was "involuntary," and thus he seems to renew his claim relating to an alleged denial of his right to counsel at his parole eligibility hearing. Dkt. 10 at 5. However, as mentioned above, there is no clearly established right to counsel at parole suitability hearings. The United States Supreme Court has adopted a case-by-case approach to determine whether the state is under a constitutional duty to provide appointed counsel in probation or parole revocation hearings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 788-90 (1973) (finding "no justification for a new inflexible

3

1 constitutional rule with respect to the requirement of counsel" for probationers or parolees).
2 Further, due process does not entitle California state prisoners to counsel at hearings to determine
3 the length of imprisonment and to grant or deny parole. *See Dorado*, 454 F.2d at 897; *see also*
4 *Troxell v. Horel*, No. 07-1583 TEH (PR), 2009 WL 4885213, *7-8 (N.D. Cal. Dec. 17, 2009)
5 (concluding there is no "clearly established" Supreme Court precedent of a constitutional right to
6 counsel in parole suitability hearings, and therefore, habeas relief is unavailable for alleged
7 violation of such a right with regard to representation at petitioner's parole hearing).  Because
8 Petitioner was not constitutionally entitled to an attorney at his parole hearing, his claim in his
9 amended petition is DISMISSED.

Although a petitioner ordinarily should be given leave to amend his petition, the court already dismissed the petition once with leave to amend and directed Petitioner to cure the deficiencies outlined in the court's previous order.  Petitioner's amended petition failed to do so. Because Petitioner fails to state a cognizable claim even after given an opportunity to amend his petition, the court concludes that a second opportunity to amend would be futile. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend should not be granted where amendment constitutes an exercise in futility).

## III. CONCLUSION

For the reasons outlined above, this action is DISMISSED for failure to state a claim. Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial, or in this case the *dismissal* of his claim, debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk of the Court shall close the case and terminate all pending motions.

IT IS SO ORDERED.

Dated:  July 6, 2017

DONNA M. RYU
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER WATSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. DAVIS,<br><br>　　　　Defendant. | Case No. 4:16-cv-04485-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 6, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter Watson ID: E-24679
San Quentin State Prison
San Quentin, CA 94964

Dated: July 6, 2017

　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　Ivy Lerma Garcia, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　Honorable DONNA M. RYU